938

## (December 18, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST L. GOODMAN, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered March 14, 1973, convicting defendant, on his plea of guilty, of the crime of assault second degree. By decision dated May 9, 1974, determination of the appeal was withheld and the case remitted to County Court for a hearing (see 44 A D 2d 862). The delay which was the subject of our concern having been adequately explained at the hearing, the judgment is affirmed. Staley, Jr., J. P., Greenblott, Cooke, Kane and Main, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK G. MAC CUMBER, Appellant.— Appeal from a judgment of the County Court of Greene County, rendered November 20, 1973, convicting defendant on his plea of guilty of the crime of criminal possession of stolen property in the second degree, in violation of subdivision 1 of section 165.45 of the Penal Law and sentencing him to an indeterminate term of imprisonment not to exceed four years. On this appeal, the defendant first argues that it was error for the trial court to accept his guilty plea without holding a hearing to determine his mental competence to stand trial. This contention is without merit, however, because the psychiatric report submitted to the court concerning the defendant found him "not to be mentally incapacitated and able to stand trial", and neither the defendant nor the District Attorney moved for a hearing on the matter. In such circumstances, a hearing was not required (CPL 730.30, subd. 2). The remaining contentions advanced by the defendant are also wholly without merit. His motion to vacate the judgment of conviction was properly denied by the trial court because of its complete irrelevance to the factual situation in this case, and the defendant was informed of the denial by the public defender at the direction of the court. Furthermore, nothing in the record indicates any conduct of either the court or the prosecution tending to deprive the defendant of any of his rights to due process. Judgment affirmed. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.