■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHN GABEL, JR., Appellant.—Appeal from a judgment of the County Court, St. Lawrence County, rendered July 15, 1974, convicting defendant, on his plea of guilty, of assault in the second degree. The defendant, while an inpatient at the St. Lawrence Psychiatric Center in Ogdensburg, New York, was charged with felonious assault upon a female employee at the center, alleged to have been committed on the center's premises. He was arrested on April 14, 1974, and arraigned in city court on April 15, 1974 at which time he requested that counsel be assigned to him, waived a hearing, and did not ask for bail. On April 16, 1974 the County Court Judge ordered that the defendant be examined pursuant to CPL article 730 to determine his capacity to stand trial. This article is entitled "Fitness to proceed" and

provides in CPL 730.30 (subd 1) that "at any time after a defendant is arraigned upon a felony complaint and before he is held for the action of the Grand Jury, the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person." CPL 730.30 (subd 2) provides as follows: "When the examination reports submitted to the court show that each psychiatric examiner is of the opinion that the defendant is not an incapacitated person, the court may, on its own motion, conduct a hearing to determine the issue of capacity, and it must conduct a hearing upon motion therefor by the defendant or by the district attorney. If no motion for a hearing is made, the criminal action against the defendant must proceed." The court followed precisely the provisions of the "Fitness to proceed" article of the Criminal Procedure Law and following the report of the two examiners Drs. Joseph Clifford and John Grace (appointed by the acting director of St. Lawrence County Mental Health Services) found defendant fit to proceed. On April 16, 1974, the clerk of the city court directed a notice to the administrator, St. Lawrence County Assigned Counsel Plan, that defendant had requested counsel because he had advised the court that he was financially unable to obtain counsel. Patrick H. Collins, Esq., an attorney within St. Lawrence County, was assigned to represent defendant by letter directed to Mr. Collins under date of May 14, 1974. On May 17, 1974 defendant appeared with assigned counsel and a plea of not guilty was entered. On or about June 21, 1974 assigned counsel moved for a copy of the psychiatric report which was furnished him. Defendant's counsel had a right to object or move the court for a hearing on the issue of capacity but did neither. As provided by the statute, "If no motion for a hearing is made, the criminal action against the defendant must proceed". Defendant contends for the first time on this appeal that the psychiatric examination on April 19, 1974 was "a critical time" of the proceedings against him and the absence of counsel at that time was sufficiently prejudicial to require a reversal of the conviction herein. It is our view that the principles of *Matter of Lee v County Ct. of Erie County* (27 NY2d 432) do not apply to the fitness examination in CPL article 730. This very situation was before us in *People v Mac Cumber* (46 AD2d 938) where we wrote, "On this appeal, the defendant first argues that it was error for the trial court to accept his guilty plea without holding a hearing to determine his mental competence to stand trial. This contention is without merit, however, because the psychiatric report submitted to the court concerning the defendant found him 'not to be mentally incapacitated and able to stand trial', and neither the defendant nor the District Attorney moved for a hearing on the matter. In such circumstances, a hearing was not required (CPL 730.30, subd 2)." The other contentions raised in defendant's brief, in our opinion, have no merit and the judgment appealed from should be affirmed. Judgment affirmed. Herlihy, P.J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.